SACCHETTA & BALDINO
BY: GERALD B. BALDINO, JR., ESQUIRE
I.D. No. 024621989
24 South Broad Street
Woodbury, NJ 08096
(856) 845-4400
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION

| | |
|---|---|
| JACK LEWIS and EILEEN LEWIS, h/w : <br> 15036 Sterling Oaks Drive : <br> Naples, Florida 34110 : <br> : <br> v. : <br> : <br> PB'S DINER & TAPROOM : <br> 500 North Delsea Drive : <br> Glassboro, NJ 08028 : <br> and : <br> DINNER-BEL, INC. : <br> 500 North Delsea Drive : <br> Glassboro, NJ 08028 : <br> and : <br> PB'S RESTAURANT & COCKTAIL : <br> LOUNGE : <br> 500 North Delsea Drive : <br> Glassboro, NJ 08028 : <br> and : <br> ABC CORPORATIONS 1-5, : <br> and : <br> XYZ PARTNERSHIPS 1-5, : <br> and : <br> JOHN DOES 1-5 | *Jury Trial Demanded.* |

Jack Lewis and Eileen Lewis, by and through their undersigned counsel, aver as follows:

1. Statement of Jurisdiction: This court has diversity jurisdiction under 28 U.S.C. §1332, as the plaintiffs are citizens of the State of Florida and defendant is a citizen of the State of New Jersey, and complete diversity exists between plaintiff and defendant. The amount in controversy without interest and costs exceeds the sum or value specified under 28 U.S.C. §1332.

Parties

2. Plaintiff Jack Lewis is an adult individual and a citizen and resident of the State of Florida, residing at 15036 Sterling Oaks Drive, Naples, Florida 34110.

3. Plaintiff Eileen Lewis, wife of plaintiff Jack Lewis, is an adult individual and a citizen and resident of the State of Florida, residing at 15036 Sterling Oaks Drive Naples, Florida 34110.

4. Defendant Dinner-Bel, Inc. is a corporation organized and existing under the laws of the State of New Jersey doing business as PB's Diner & Taproom and PB's Restaurant & Cocktail Lounge with business offices located at 500 North Delsea Drive, Glassboro, New Jersey 08028.

5. Defendant Dinner-Bel, Inc.'s registered agent with the State of New Jersey is Igor Sturm, Esquire with offices located at 101 Hopkins Avenue, P.O. Box 162, Haddonfield, NJ 08033.

6. All officers of defendant Dinner-Bel, Inc., including President, John E. Lefakis; Director, Evangelous J. Lefakis; and Treasurer Stephanie A. Lefakis, are citizens of the State of New Jersey residing at 101 E. Poplar Avenue, Wenonah, NJ 08090.

7. Defendant, PB's Diner & Tap Room, is a restaurant and bar establishment located at 500 North Delsea Drive, Glassboro, New Jersey 08028.

8. ABC Corporations 1-5, XYZ Partnerships 1-5, and John Does 1-5 are unidentified individuals and business entities who were the owners, agents, supervisors, directors, partners or operators of the defendant PB's Diner & Taproom, Dinner-Bel, Inc. and/or PB's Restaurant & Cocktail Lounge, who at all times pertinent hereto were acting in the course and scope of such agency or ownership.

Statement of Claim

9. On or about June 19, 2015, plaintiff Jack Lewis was a business invitee at defendant's restaurant and bar.

10. Upon exiting the restaurant, plaintiff prepared to descend the restaurant steps and was caused to fall and sustain injuries as a result of the dangerous and defective condition of the exterior stairwell.

COUNT I
Jack Lewis v.  PB's Diner & Tap Room, Dinner-Bel, Inc. and PB's Diner & Taproom
Negligence

11. Plaintiff Jack Lewis incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

12. The negligence of PB's Diner & Tap Room, Dinner-Bel, Inc. and/or PB's Restaurant & Cocktail Lounge, individually and/or by and through its agent, servants, workmen or employees, included, but was not limited to, the following:

(a) defendant caused or permitted the external stairway to exist in a defective and dangerous condition;

(b) defendant failed to make a reasonable inspection of the stairway, which would have revealed its dangerous condition;

(c) defendant failed to give warning of the dangerous condition created by the defective stairway, failed to erect barricades or to take any other safety precautions to prevent injury to the plaintiff and other invitees;

(d) defendant failed to exercise reasonable prudence and due care to keep the stairway in a safe condition for plaintiff and other similarly invited patrons;

(f) defendant violated state and local ordinances pertaining to the maintenance of restaurant and bar establishments.

13. The defendant, through its employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the stairway and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendant, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the stairway.

14. The injuries sustained by Jack Lewis as a result of defendant's negligence included but were not limited to traumatic brain damage, subdural hematoma, concussion, traumatic injury to the face, knees and ankles, and injuries to the nerves and nervous system.

15. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

16. As a result of the aforesaid trip and fall, plaintiff has sustained a loss of wages.

17. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

18.     As a direct result of the trip and fall, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against defendant for compensatory and punitive damages in excess of $75,000.00, exclusive of interest and costs, and for all other relief as this Court deems proper and appropriate.

## COUNT II
### Jack Lewis v.  ABC Corporations 1-5, XYZ Partnerships 1-5, and John Does 1-5
### Negligence

19.     Plaintiff Jack Lewis incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

20.     ABC Corporations 1-5, XYZ Partnerships 1-5, and John Does 1-5 are currently unidentified individuals and business entities who were the owners, agents, supervisors, directors, partners or operators of defendant PB's Diner & Tap Room or in the alternative, are contractors responsible for the repair, inspection and maintenance of the subject stairwell which contractors negligently repaired, inspected and/or failed to warn against the dangerous condition of the subject stairwell.

21.     The negligence of defendants ABC Corporations 1-5, XYZ Partnerships 1-5, and John Does 1-5 is that of their agents, servants, workmen or employees, including PB's Diner & Tap Room,  Dinner-Bel, Inc. and/or PB's Restaurant & Cocktail Lounge as stated in Count I hereof.

22.     As a result of the negligence of the defendants, plaintiff Jack Lewis suffered injuries and damages which included but were not limited to traumatic brain damage, subdural hematoma, concussion, traumatic injury to the face, knees and ankles, and injuries to the nerves and nervous system.

WHEREFORE, plaintiff demands judgment against defendants for compensatory and punitive damages in excess of $75,000.00, exclusive of interest and costs, and for all other relief as this Court deems proper and appropriate.

## COUNT III
### Eileen Lewis v.  All Defendants
### Loss of Consortium

23.     Plaintiff Eileen Lewis incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

24.     As a result of the aforementioned injuries sustained by her husband, plaintiff Jack Lewis, plaintiff Eileen Lewis has been and may in the future be deprived of the care, companionship, consortium, and society of her husband, all of which will be to her great detriment, and claim is made therefor.

WHEREFORE, plaintiff demands judgment against defendants for compensatory and punitive damages in excess of $75,000.00, exclusive of interest and costs, and for all other relief as this Court deems proper and appropriate.

/s/ *Gerald B. Baldino, Jr.*
GERALD B. BALDINO, JR., ESQUIRE
Attorney for Plaintiff